UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARWIN DIHAUUD HUBBARD, | Crim. Case No. 04-80321 |
| | Civ. Case No. 05-74293 |
| Petitioner. | |
| | Arthur J. Tarnow |
| v. | District Judge |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**ORDER DENYING PETITIONER'S MOTION FOR
DISCOVERY AND MOTION TO VACATE UNDER 28 U.S.C. § 2255**

**I. BACKGROUND**

Petitioner was convicted of one count of felon in possession of a firearm pursuant to a Rule 11 plea agreement. Petitioner was originally charged in state court. The U.S. Attorney charged Petitioner in federal court under Project Safe Neighborhoods.

In his motion to vacate under 28 U.S.C. § 2255, Petitioner argues that Project Safe Neighborhoods is targeted at African-Americans, and therefore that he was subject to racially selective prosecution. He requests discovery to help him prove a *prima facie* case of racial discrimination.

In response, the government emphasizes the extremely burdensome test for proving selective prosecution claims and argues that Petitioner cannot satisfy the test. The government argues that even if Project Safe Neighborhoods has a disparate impact on African-Americans, there is no evidence of discriminatory

intent and Petitioner cannot defeat the presumption that the prosecutor's decision was constitutional.

Petitioner's evidence is not strong enough to warrant discovery on his selective prosecution claim. As to discriminatory effects, Petitioner has submitted evidence of one white defendant who remained in state court. However, Petitioner has not alleged or shown that this white defendant was otherwise similarly situated. Also, Petitioner has failed to address the fact that white defendants have been brought to federal court on gun charges. Most importantly, Petitioner has not produced any evidence of discriminatory intent. Therefore, Petitioner's motion for discovery on the selective prosecution claim is DENIED, and his motion to vacate under § 2255 is DENIED.

## II. DISCUSSION

"The justifications for a rigorous standard for the elements of a selective-prosecution claim...require a correspondingly rigorous standard for discovery in aid of such a claim." *United States v. Armstrong*, 517 U.S. 456, 468 (1996).

"[A] defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent." *United States v. Bass*, 536 U.S. 862, 863 (2002) (*per curiam*) (citing *Armstrong*, 517 U.S. at 465).

The discovery rule established in *Armstrong* places a nearly impossible burden on defendants claiming selective prosecution since they cannot prove their

claim without discovery and cannot obtain discovery without mustering some evidence in support of their claim. The question in this case is whether or not Petitioner has come forward with enough evidence to merit discovery on his selective prosecution claim.

### A.  Discriminatory Effect

In order to prove discriminatory effect, Petitioner must show "some evidence of differential treatment of similarly situated members of other races or protected classes." *Armstrong*, 517 U.S. at 470. In other words, to obtain discovery, Petitioner must have some evidence available, prior to discovery, "that similarly situated non-African-Americans were not recommended for federal prosecution." *United States v. Jones*, 399 F. 3d 640 (6th Cir. 2005) ("*Jones II*").

### 1.  FDO Report

Petitioner relies on a list compiled by the Federal Defender Office showing 61 federal prosecutions for violations of gun laws brought under Project Safe Neighborhoods. Of the 61 defendants prosecuted under the program, 54 were African-American, 2 were Native American, 3 were Hispanic or Latino, and 2 were Caucasian.

The Court finds that the FDO study alone is insufficient to satisfy Petitioner's burden for obtaining discovery under *Armstrong*. *See Armstrong*, 517 U.S. at 470 (Holding that "respondents' 'study' did not constitute 'some evidence tending to show the existence of the essential elements of' a selective-prosecution claim [because it] failed to identify individuals who were not black and could have

been prosecuted for the offenses for which respondents were charged, but were not so prosecuted."); *see also United States v. Wallace*, 389 F. Supp. 2d 799, 802-03 (E.D. Mich. 2005) (rejecting the same FDO study submitted by Petitioner because it failed to satisfy the *Armstrong* standard).

The remaining question is whether or not Petitioner's additional evidence of discrimination, when combined with the FDO report, is sufficient to justify discovery.

### 2.  Evidence of Similarly Situated Non-African Americans

In *Armstrong*, in addition to the study evidence showing that all 24 crack prosecutions in the Central District of California were brought against African-Americans, the defendants "submitted an affidavit alleging that an intake coordinator at a drug treatment center had told [a defense lawyer] that there are 'an equal number of Caucasian [crack] users and dealers to minority users and dealers.'" *Armstrong*, 517 U.S. at 460-61.  In addition, the *Armstrong* defendants "submitted an affidavit from a criminal defense attorney alleging that in his experience many nonblacks are prosecuted in state court for crack offenses...and a newspaper article reporting that federal 'crack criminals . . . are being punished far more severely than if they had been caught with powder cocaine, and almost every single one of them is black." *Id*.

The Supreme Court held that such additional evidence was insufficient to prove discriminatory effect because it did not make up for the study's omission of similarly situated non-minorities.  The Supreme Court held that the newspaper

article was not relevant to allegations concerning the decision to prosecute, and the affidavits contained hearsay based on anecdotal evidence. *Armstrong*, 517 U.S. at 470-71.

In this case, Petitioner submits a clipping from an unknown newspaper, which he asserts was published on September 12 [year unknown], describing the following sentence from the Fourth Circuit Court in Jackson:

> Newman, Christopher Lee, 30, of 2614 S. St. Anthony, Jackson. Possession of cocaine, with intent to deliver, less than 50 grams; felon in possession of a firearm. On the first charge, serve two to 10 years in prison, pay $60 state costs and $60 to Crime Victims Fund. On the second charge, serve two to five years in prison (concurrent to above) and pay $60 state costs.

D's Appx. 2 (purple tab).

On the current record, there is no basis upon which the Court could determine whether or not the subject of the clipping, Christopher Lee Newman, was similarly situated to Petitioner. *See Jones II*, 399 F. 3d at 646 (quoting *United States v. Daniels*, 142 F. Supp. 2d 140, 144 (D. Mass. 2001) (Relevant factors for determining similarity "include comparison, for example, of the amounts of crack involved in cases with white defendants, their criminal histories, propensity for violence, and any other factors that might justify the higher sentences if they were prosecuted in federal court.")

As to criminal history, Petitioner's Rule 11 plea agreement stipulated to one prior conviction for larceny over $100, two convictions for felonious assault, and one conviction for carrying a concealed weapon. There is no evidence in the

Hubbard v. United States
Case No. 04-80321

record as to Newman's criminal history. Therefore, Petitioner has not carried his burden of showing that he was similarly situated to Newman for the purpose of obtaining discovery on a selective prosecution claim.

Also, there is no evidence that federal authorities were aware of Newman's prosecution and declined to seek an indictment in federal court. As to the practice of federal prosecutors, Defendant submits an article from www.mlive.com describing the federal conviction of Charles Pawson. Pawson pleaded guilty to drug trafficking after his case was removed from Jackson Circuit Court to the Eastern District of Michigan under Project Safe Neighborhoods. The fact that Pawson, a Caucasian, was prosecuted under Project Safe Neighborhoods undercuts Petitioner's selective prosecution claim.

### B. Discriminatory Intent

Petitioner cites *United States v. Jones*, 159 F. 3d 969 (6th Cir. 1998) (*Jones I*) for the proposition that he is entitled to discovery on his claims on less than a *prima facie* showing of discrimination. In *Jones*, the court held that "a defendant need not prove his case in order to justify discovery on an issue." *Jones*, 159 F.3d at 978. The Sixth Circuit's decision in *Jones* does not support Petitioner's claim for discovery.

*Jones* stands for the proposition that discovery will not be available unless the defendant establishes at least a fact question as to both the intent and effects elements of the defense. *See id*. (quoting *Armstrong*, 517 U.S. at 468) ("[I]n order

Hubbard v. United States
Case No. 04-80321

for a defendant to obtain discovery in a selective prosecution case, there must be a showing of "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent."); *see also Wallace*, 389 F. Supp. 2d at 802 (Holding that Jones "was entitled to discovery precisely because he had produced some evidence of both discriminatory intent and discriminatory effect.").

The Court's reading of *Jones* is supported by the Sixth Circuit's finding that Jones had established the intent element of his selective prosecution claim by presenting direct evidence that the arresting officers demonstrated animosity against him.  *See Jones*, 159 F. 3d at 975.

In this case, there is no evidence of discriminatory intent.  Petitioner was arrested during a traffic stop, and was not singled out as part of either a federal or state investigation.  The fact that both whites and blacks have been removed from state court to federal court under Project Safe Neighborhoods belies any cognizable claim of discrimination, since under *Armstrong* and *Jones* the overwhelming statistical disparity between blacks and whites is not sufficient to show selective prosecution.

Hubbard v. United States<br>Case No. 04-80321

### III.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner's motion for discovery in support of his selective prosecution claim is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to vacate under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.


**Date: May 17, 2006**                              **S/Arthur J. Tarnow**
                                                    **Arthur J. Tarnow**
                                                    **United States District Judge**


**I certify that the foregoing document was served on parties of record either electronically and/or U.S. Mail on May 17, 2006.**

                                                    **S/Kendra Byrd**

                                                    **Case Manager**